UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 22-3351     Case Name: The Dayton Power and Light Co., et al. v. FERC

Name of counsel: Heather M. Horne

Pursuant to 6th Cir. R. 26.1, Duke Energy Ohio
*Name of Party*

makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

Yes. Duke Energy Ohio is a direct, wholly-owned subsidiary of Cinergy Corp, which in turn is a direct, wholly-owned subsidiary of Duke Energy Corporation (NYSE: DUK), a publicly traded company listed on the New York Stock Exchange. Certain investment management companies -- such as Vanguard Group, Inc. -- may from time-to-time, through their subsidiaries and affiliates, own 10% or more of Duke Energy Corp. stock. Otherwise, no entity owns 10% or more of Duke Energy Corp.'s stock.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

No.

## CERTIFICATE OF SERVICE

I certify that on   April 29, 2022   the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/Heather M. Horne

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

**6th Cir. R. 26.1
DISCLOSURE OF CORPORATE AFFILIATIONS
AND FINANCIAL INTEREST**

(a)  **Parties Required to Make Disclosure**.  With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement.  A negative report is required except in the case of individual criminal defendants.

(b)  **Financial Interest to Be Disclosed**.

(1)  Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal.  A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2) Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c)  **Form and Time of Disclosure**.  The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.