**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| The Dayton Power and Light Company, American Electric Power Service Corporation, Duke Energy Ohio, Inc., First Energy Service Company,<br><br>Petitioners,<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>Respondent. | Case No. 21-4072 |
| The Dayton Power and Light Company, American Electric Power Service Corporation, Duke Energy Ohio, Inc., First Energy Service Company,<br><br>Petitioners,<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>Respondent. | Case No. 22-3351 |

**PETITIONERS' UNOPPOSED MOTION TO CONSOLIDATE APPEALS, HOLD APPEALS IN ABEYANCE, AND SUSPEND THE DEADLINE TO FILE THE CERTIFIED INDEX TO THE RECORD PENDING RESOLUTION OF RELATED AGENCY PROCEEDINGS**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Petitioners The Dayton Power and Light Company dba AES Ohio

("Dayton"), American Electric Power Service Corporation, Duke Energy Ohio, Inc., and FirstEnergy Service Company (collectively "Petitioners") hereby move this Court to consolidate the above-captioned appeals (No. 21-4072 and No. 22-3351) and to hold both appeals in abeyance, including the deadline for Respondent to file the certified index to the record in both appeals, until the conclusion of proceedings in a related matter pending before the Federal Energy Regulatory Commission ("FERC"). *See Office of Consumers Counsel v. Am. Elec. Power Serv. Corp.*, Complaint, FERC Docket No. EL22-34-000 (filed Feb. 24, 2022). Counsel for Petitioners have consulted with counsel for Respondent FERC, and have confirmed that FERC does not oppose the relief sought herein.

## I. <u>Efficiency Favors Consolidating These Related Appeals from the Same Agency Proceeding</u>

Consolidation of the above-captioned appeals is warranted because both appeals seek review of the same July 15, 2021 FERC Order on Paper Hearing, *Dayton Power & Light Co.*, 176 FERC ¶ 61,025 (2021) ("July 2021 Order"), which addressed an application by Petitioner Dayton Power and Light Company to recover a 50-basis point adjustment to its Return on Equity as an incentive for its membership within PJM Interconnection, L.L.C.

<u>Appeal No. 21-4072.</u> The first-filed appeal of the July 2021 Order (No. 21-4072) arose from FERC's denial of the Petitioners' requests for rehearing by operation of law on September 16, 2021. *See* Notice of Denial of Rehearing by

Operation of Law and Providing for Further Consideration, *Dayton Power & Light Co.*, 176 FERC ¶ 62,136 (2021) ("September 2021 Order"). On November 15, 2021, Petitioners timely petitioned for review of the July 2021 Order and September 2021 Order on grounds that their requests for rehearing had been denied by operation of law, pursuant to section 313(a) of the Federal Power Act, 16 U.S.C. § 825l(a), and *Allegheny Defense Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc). *See Dayton Power & Light Co. v. FERC*, No. 21-4072 (6th Cir. filed Nov. 15, 2021). Appeal No. 21-4072 has been held in abeyance since December 30, 2021 in anticipation of the Commission issuing a further order setting out its justification for denying rehearing by operation of law, and the Petitioners in Appeal No. 21-4072 appealing that order.

Appeal No. 22-3351. The second-filed appeal (No. 22-3351) arose from FERC's February 17, 2022 order setting out its grounds for denying rehearing of its July 2021 Order. *See* Order Addressing Arguments Raised on Rehearing, *Dayton Power & Light Co.*, 178 FERC ¶ 61,102 (2022) ("February 2022 Order"). On April 18, 2022, Petitioners timely petitioned for review of the July 2021 Order and February 2022 Order under section 313(a) of the Federal Power Act, 16 U.S.C. § 825l(a). *See Dayton Power & Light Co. v. FERC*, Appeal No. 22-3351 (6th Cir. filed Apr. 18, 2022).

These appeals should be consolidated because they arise from the same

agency proceeding and seek review of the same July 2021 Order entered in that proceeding. Consolidating the appeals will make them easier to administrate (as the same deadlines will apply in both appeals), and it will permit the parties to address the identical issues raised by both appeals in a single round of briefing. This Court has consolidated appeals under similar circumstances. *See, e.g.*, *In re FirstEnergy Solutions Corp.*, 945 F.3d 431, 436–37 (6th Cir. 2019) (addressing consolidated appeals that challenged a series of related orders entered by a bankruptcy court).

## II. Both Appeals Should Be Held in Abeyance Pending the Resolution of Related Ongoing Proceedings Before the Agency

Petitioners also respectfully move the Court to hold both appeals in abeyance[1] until the resolution of related ongoing proceedings before FERC and to suspend the deadline for Respondent FERC to file the certified index to the record until after the appeals are returned to active status.

On February 24, 2022, the Ohio Consumers Counsel filed a complaint in

[1] In December 2021, this Court granted FERC's unopposed motion to hold Appeal No. 21-4072 in abeyance until March 16, 2022 and to suspend the deadline for FERC to file the certified index to the record until the appeal was returned to active status. *See* Appeal No. 21-4072, Doc. Nos. 27 & 28. After FERC issued its February 2022 Order setting out its reasons for denying rehearing of the July 2021 Order, the Petitioners filed an unopposed motion to continue to hold Appeal No. 21-4072 in abeyance and to continue to suspend the deadline to file the certified index until May 2, 2022—two weeks after the deadline to file a petition for review of the February 2022 Order. *See* Appeal No. 21-4072, Doc. No. 29. This Court granted this motion on March 21, 2022. *See* Appeal No. 21-4072, Doc. No. 30.

FERC Docket No. EL22-34-000 ("OCC Complaint") against American Electric Service Corporation, American Transmission Systems, Inc. and Duke Energy Ohio, LLC (collectively, the "Respondents"). The OCC Complaint argues that FERC found Dayton ineligible for transmission incentives for its decision to join PJM Interconnection, L.L.C. ("PJM") because that decision was not voluntary but required by an Ohio statute. The OCC Complaint contends that the Respondents are subject to the same Ohio statute and therefore, are "identically situated" to Dayton. Thus, the OCC Complaint argues that FERC should extend its ruling in the September 2021 Order and February 2022 Order to the Respondents and find that their continued membership in PJM no longer entitles them to receive the same incentive that is at issue in these appeals. FERC's order on the OCC Complaint will address many of the same issues raised in the orders being challenged in Appeal Nos. 21-4072 and 22-3351.

Because the OCC Complaint arises from a related agency proceeding that addresses the same rate-setting decision as these related appeals, it is in the interest of judicial economy to hold the now-pending appeals in abeyance and to delay FERC's obligation to file the certified index to the record until agency proceedings on the OCC Complaint are concluded and any petition for review of the resulting order(s) have been filed with this Court. Holding these appeals in abeyance until the OCC Complaint is resolved and any appeals are filed will avoid piecemeal

consideration of the issues and will permit coordination or consolidation of these related proceedings.

Accordingly, Petitioners respectfully request that the Court:

1. consolidate Appeal Nos. 21-4072 and 22-3351 for purposes of all further proceedings before this Court;
2. hold the petitions for review in Appeal Nos. 21-4072 and 22-3351 in abeyance until 14 days after the deadline to appeal any final order that the Commission enters in FERC Docket No. EL22-34-000 (including any order that denies rehearing by operation of law), with the parties to file motions to govern further proceedings on or before the date on which the abeyance period concludes;
3. order the parties to keep the Court apprised of the status of proceedings in FERC Docket No. EL22-34-000 by filing an initial status report four months after the date on which this motion is granted, and subsequent reports every four months thereafter; and
4. suspend the requirement to file the certified index to the record until such time that the appeals are returned to active status, unless the parties mutually agree to an earlier date in their motion to govern further proceedings.

Respectfully submitted,


_/s/ Stacey Burbure_
Stacey Burbure
Senior Counsel
American Electric Power Service Corp.
801 Pennsylvania Ave, NW
Suite 735
Washington, DC 20004
(202) 383-3452
slburbure@aep.com

*Counsel for American Electric Power Service Corporation*

_/s/ William M. Keyser_
William M. Keyser
Johanna Dennehy
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, D.C.  20036
(202) 429-3000
wkeyser@steptoe.com
jdennehy@steptoe.com

*Counsel for American Electric Power Service Corporation*

_/s/ P. Nikhil Rao (by permission)_
Morgan E. Parke
Associate General Counsel
P. Nikhil Rao
Senior Corporate Counsel
FirstEnergy Service Company
76 South Main St.
Akron, OH 44308
(330) 384-2422
mparke@firstenergycorp.com
pnrao@firstenergycorp.com

*Counsel for FirstEnergy Service Company*

_/s/ Heather M. Horne (by permission)_
Heather M. Horne
Associate General Counsel
Duke Energy Corporation
1301 Pennsylvania Ave., NW
Suite 200
Washington, DC  20004
Phone: (202) 824-8009
heather.horne@duke-energy.com

*Counsel for Duke Energy Ohio, Inc.*

_/s/ Randall V. Griffin (by permission)_
Randall V. Griffin
Chief Regulatory Counsel
AES US Services, LLC
1065 Woodman Drive
Dayton, OH 45432
(937) 479-8983
randall.griffin@aes.com

*Counsel for The Dayton Power and Light Company d/b/a AES Ohio*


Dated:  May 2, 2022

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g) and Circuit Rule 32, I certify that this Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this Motion contains 1,232 words, not including the case caption, the signature block, and the certificates of counsel.

I further certify that this Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Motion has been prepared in Times New Roman 14-point font using Microsoft Word.

*/s/ William M. Keyser*
William M. Keyser

*Counsel for American Electric Power Service Corporation*

**CERTIFICATE OF SERVICE**

In accordance with Fed. R. App. P. 25(d) and Circuit Rule 25, I hereby certify that on the 2nd day of May, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ William M. Keyser*
William M. Keyser

*Counsel for American Electric Power Service Corporation*