1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

July 1, 2024

Matthew Price
Tel +1 202 639 6873
MPrice@jenner.com

Kelly L. Stephens
Clerk of the Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re:    Dayton Power & Light v. FERC, No. 21-4072 (cons.) (oral argument held on May 8, 2024)

Dear Ms. Stephens:

I represent Petitioner American Electric Power Service Corp. ("AEP") in the above-captioned appeals and write on behalf of Petitioners AEP, Dayton Power & Light Co., and FirstEnergy Service Co.

Pursuant to Fed. R. App. P. 28(j), I am writing to advise the Court of the U.S. Supreme Court's June 28, 2024 decision in *Loper Bright Enterprises v. Raimondo*, No. 22-451 (slip op. attached as Ex. A). *Loper Bright* overruled the *Chevron* doctrine and held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority," Slip Op. 35, rather than deferring to an agency interpretation so long as it is reasonable.

The Court's ruling in *Loper Bright* has two implications for this case. First, it underscores why this Court must rule on preemption. FERC cannot have "acted within its statutory authority" in tying eligibility for the RTO membership adder to state law if Congress intended to preempt such state law; and *Loper Bright* underscores that this Court must "exercise [its] independent judgment" as to that question. *Id.* Thus, there is no reason to remand to FERC to decide preemption in the first instance. Rather, this Court should simply decide the question, and indeed must do so in reviewing whether FERC acted consistent with Congress's instructions. *See* Dayton Opening Br. 37-48; Dayton Reply Br. 17-25.

Second, *Loper Bright* confirms that this Court should not defer to FERC's interpretation of Section 219(c), 16 U.S.C. § 824s(c), even if it believes the statute is ambiguous or susceptible to multiple interpretations. Instead, the Court "must exercise independent judgment in determining

July 1, 2024
Page 2

the meaning" of Section 219(c), Slip. Op. 16, and its requirement that FERC provide an incentive "*to each* [utility] *that joins*" a transmission organization.  16 U.S.C. § 824s(c) (emphasis added).  *See* Dayton Opening Br. 28-35; Dayton Reply Br. 6-10.

I would appreciate your bringing a copy of this letter to the Panel's attention.

                            Respectfully submitted,

                            /s/ *Matthew E. Price*
                            Matthew E. Price
                            Jenner & Block LLP
                            1099 New York Ave. NW Suite 900
                            Washington, DC 20001
                            202-639-6873
                            MPrice@jenner.com

                            *Counsel for Petitioner*
                            *American Electric Power Service Corp.*

cc: All counsel of record via CM/ECF.

1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

## CERTIFICATE OF SERVICE

I certify that on July 2, 2024, I caused the foregoing letter to be served by and through the Court's CM/ECF system.

    Respectfully submitted,

    /s/ *Matthew E. Price*
    Matthew E. Price
    Jenner & Block LLP
    1099 New York Ave. NW Suite 900
    Washington, DC 20001
    202-639-6873
    MPrice@jenner.com

    *Counsel for Petitioner*
    *American Electric Power Service Corp.*